

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7ᵗʰ floor*          *973-645-2700*
*Newark, New Jersey 07102*

JMM/PL AGR

June 24, 2025

**VIA EMAIL**
Michael Koribanics, Esq.
685 Van Houten Ave
Clifton, NJ 07013
michael@koribanicsandkoribanics.com

> Re:     Plea Agreement with Julio Cesar Paniagua

Dear Counsel:

This letter sets forth the plea agreement between your client, Julio Cesar Paniagua ("PANIAGUA"), and the United States Attorney for the District of New Jersey ("this Office"). **This offer will expire on July 15, 2025, if it is not accepted in writing by that date**. If PANIAGUA does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from PANIAGUA to a two-count Information, which charges PANIAGUA with, on or about November 15, 2023 through on or about November 17, 2023: (1) in Count One, conspiring to commit kidnapping in violation of Title 18, United States Code, Section 1201(c); and (2) in Count Two, kidnapping in violation of Title 18, United States Code, Sections 1201(a) and 2. If PANIAGUA enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against PANIAGUA for kidnapping or conspiring to kidnap two individuals from Paterson, New Jersey from on or about November 15, 2023 through on or about November 17, 2023.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against PANIAGUA even if the applicable statute of limitations period for those charges expires after PANIAGUA signs this

agreement, and PANIAGUA agrees not to assert that any such charges are time-barred.

<u>Sentencing</u>

The violation of Title 18, United States Code, Section 1201(c) to which PANIAGUA agrees to plead guilty in the Information carries a statutory maximum prison sentence of life imprisonment, and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentence may run consecutively to any prison sentence PANIAGUA is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The violation of Title 18, United States Code, Sections 1201(a) and 2 to which PANIAGUA agrees to plead guilty in the Information carries a statutory maximum prison sentence of life imprisonment, and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentence may run consecutively to any prison sentence PANIAGUA is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon PANIAGUA is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence PANIAGUA ultimately will receive.

Further, in addition to imposing any other penalty on PANIAGUA, the sentencing judge as part of the sentence:

(1)     will order PANIAGUA to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     must order PANIAGUA to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3)     must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461;

(4)     pursuant to 18 U.S.C. § 3583, may require PANIAGUA to serve a term of supervised release of not more than five years, which will begin at the expiration of any term of imprisonment imposed. Should PANIAGUA be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, PANIAGUA may be sentenced to not more than five years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

In addition, PANIAGUA agrees to pay restitution in an amount to be determined at the time of sentencing for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying the offense.

Monetary penalties imposed by the Court will be: (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property that PANIAGUA receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), defendant agrees to forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses charged in Counts One and Two of the Information. Defendant further acknowledges that the value of such property was approximately $22,500; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant, in an amount not to exceed $22,500 ("Forfeiture Amount"). Defendant consents to the entry of an order at or around the time of the plea hearing requiring defendant to pay the Forfeiture Amount, in the manner described below ("Order"), which may be satisfied in whole or in part with substitute assets. Defendant further agrees that upon entry of the Order, this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard

to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating PANIAGUA's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. PANIAGUA further agrees that upon entry of the Order, this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

PANIAGUA waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. PANIAGUA understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise PANIAGUA of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. PANIAGUA waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. PANIAGUA further understands that PANIAGUA has no right to demand that any forfeiture of PANIAGUA's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon PANIAGUA in addition to forfeiture.

PANIAGUA further agrees that, not later than the date PANIAGUA enters a guilty plea, PANIAGUA will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If PANIAGUA fails to do so, or if this Office determines that PANIAGUA has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

PANIAGUA further waives, abandons, and surrenders to federal, state, and/or local law enforcement all of his right, title, and interest in the following firearms and ammunition which were seized at 318 Broadway, Paterson, New Jersey on or about November 20, 2023: one Smith & Wesson M&P 9mm pistol, bearing serial number JEH9495; 26 rounds of Blazer 9mm ammunition; and

eight rounds of 9mm ammunition in eight round magazine; and a seventeen-round 9mm magazine (the "Additional Property"). PANIAGUA further waives any additional notice requirement in connection with the forfeiture and/or abandonment of the Additional Property and consents to its destruction at the discretion of federal, state, and/or local law enforcement.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on PANIAGUA by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of PANIAGUA's activities and relevant conduct with respect to this case.

Stipulations

This Office and PANIAGUA will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and PANIAGUA waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

PANIAGUA understands that, if PANIAGUA is not a citizen of the United States, PANIAGUA's guilty plea to the charged offenses will likely result in PANIAGUA being subject to immigration proceedings and removed from the United States by making PANIAGUA deportable, excludable, or inadmissible, or ending PANIAGUA's naturalization. PANIAGUA understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. PANIAGUA wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause PANIAGUA's removal from the United States. PANIAGUA understands that PANIAGUA is bound by this guilty plea regardless of any immigration consequences. Accordingly, PANIAGUA waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. PANIAGUA also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against PANIAGUA. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

- 6 -

No provision of this agreement shall preclude PANIAGUA from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between PANIAGUA and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

By:  John M. Maloy
Assistant U.S. Attorney

APPROVED:

Samantha C. Fasanello
Chief, Organized Crime and Gangs Unit

I have received this letter from my attorney, Michael Koribanics, Esq. I have read it or it has been translated for me into Spanish. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Julio Cesar Paniagua                     Date:  7/1/25

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Michael Koribanics, Esq.                 Date:  7/1/25
Counsel for Defendant

- 8 -

Plea Agreement With Julio Cesar Paniagua

Schedule A

1.    This Office and PANIAGUA recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.    The version of the Guidelines effective November 1, 2024 applies in this case.

3.    Counts One and Two group pursuant to U.S.S.G. § 3D1.2(a) because the counts involve the same act or transaction.

4.    The applicable guideline is U.S.S.G. § 2A4.1. This guideline carries a Base Offense Level of 32 pursuant to U.S.S.G. § 2A4.1(a).

5.    Pursuant to U.S.S.G. § 2A4.1(b)(1), a six-level enhancement applies because a ransom demand was made.

6.    Pursuant to U.S.S.G. § 2A4.1(b)(3), a two-level enhancement applies because a dangerous weapon was used.

7.    As of the date of this letter, PANIAGUA has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if PANIAGUA's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

8.    As of the date of this letter, PANIAGUA has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in PANIAGUA's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) PANIAGUA enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that PANIAGUA's acceptance of responsibility has continued through the date of sentencing and PANIAGUA therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) PANIAGUA's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9.    Accordingly, the parties agree that the total Guidelines offense level applicable to PANIAGUA is 37 (the "Total Offense Level").

10.    The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total

Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

11.   If the term of imprisonment does not exceed 262 months, and except as specified in the next paragraph below, PANIAGUA will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 210 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

12.   Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)   Any proceeding to revoke the term of supervised release.

(b)   A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)   An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

- 10 -